**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**
Eduardo J. Celaya #014747
Biltmore Office Plaza
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Phone (602) 281-4547
Fax (866) 810-6455
celayalaw@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MARION GWINN,<br><br>     PLAINTIFF,<br><br>     VS.<br><br>PREFERRED RECOVERY SERVICES, LLC; ADIUVO, LLC AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>     DEFENDANTS | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

### PARTIES AND JURISDICTION

1. At all times herein mentioned Plaintiff Marion Gwinn is and was an individual residing in the County of La Paz, State of Arizona.

2. At all times herein mentioned Defendant Preferred Recovery Services, LLC is and was a business entity form unknown, engaged in business in the County of La Paz, State of Arizona.

3. At all times herein mentioned Defendant Adiuvo, LLC is and was a business entity form unknown, engaged in business in the County of Pima, State of Arizona.

4. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and on that bases alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such Defendants.

5. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned each of the Defendants was the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the scope of their authority as such agents, servants and employees with the permission and consent of their co-Defendants.

6. This action is brought for penalties and damages due to violations of the Fair Debt Collection Practices Act. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692 et seq, ("FDCPA").

## **GENERAL ALLEGATIONS**

7. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 6 above as though fully set forth herein.

8. Sometime during or prior to 2007, Plaintiff allegedly created an account ending 8715 with Bank of America and therefore incurred a financial obligation primarily for personal, family or household purposes. This obligation allegedly went into default for late payment.

9. On or about October 5, 2007, Plaintiff, in an effort to resolve this debt, retained the services of The Palmer Firm, P.C., a law firm that provides assistance to consumers struggling with consumer-related debt issues.

10. Bank of America retained Defendants Encore Receivable Management, Inc., to represent it to third parties for the purposes of collecting on account ending 9829 thereby creating an agent-principal relationship.

11. On or about July 25, 2008 Encore Receivable Management, Inc., and Plaintiff, through The Palmer Firm, P.C., and with the approval of Bank of America reached an agreement to pay in full account ending 8715 for $2,551.19. The total amount Bank of America alleged was owed by Plaintiff was $12,755.94. Plaintiff complied with the terms of the settlement and forwarded $2,551.19 as agreed.

12. On or about January 20, 2012 Defendant Preferred Recovery Services, LLC sent a letter to Plaintiff on behalf of Defendant Adiuvo, LLC for the purpose of collecting money on account ending 8715. The letter stated that a balance of $16,715.29 was due on account ending in 8715.

## CAUSE OF ACTION

(VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT - Against Defendants Preferred Recovery Services, LLC, Adiuvo, LLC and Does 1-100)

13. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 12 above as though fully set forth herein.

14. Defendants are "debt collectors" as defined by 15 U.S.C. 1692a(6).

15. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and 15 U.S.C. 1692a(3).

16. Defendants actions violated the Federal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. 15 U.S.C. § 1692f(1).

(b) Falsely representing the character, amount, or legal status of the alleged debt. 15 U.S.C. §1692e(2)(A).

17. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

18. As a result of Defendants' violations of the Federal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(A), and

reasonable attorneys fees and costs pursuant to 15 U.S.C. 1692k(a)(3), from each and every Defendant herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant as follows:

1. For actual damages, in an amount to be proven at trial, pursuant to 15 U.S.C. 1692k(a)(1), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A) in the amount of $1,000;

3. For Plaintiffs' reasonable attorneys fees and costs incurred in connection herewith pursuant to 15 U.S.C. 1692k(a)(3); and

4. For such other relief as the Court may deem just and proper.

Respectfully submitted this 16th day of November, 2012.

**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**

s/*Eduardo J. Celaya*
Eduardo J. Celaya, Esq.
Biltmore Office Plaza
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Attorney for Plaintiff